Jasen, J.
(dissenting). I agree with the Appellate Division that there was insufficient evidence to support the finding by the State Division of Human Rights of sex discrimination in the promotional appointing process by the City of Schenectady Department of Police. The issue on this appeal is not whether a woman has a right to be appointed to the position of police sergeant, but whether there was sufficient evidence presented before the State Division of Human Rights to establish discrimination which denied the complainant consideration for promotion on account of her sex.
The State Division of Human Rights, following a public hearing on a complaint filed by Eva Hawkins, found that the City of Schenectady, the City of Schenectady Department of Police, and John P. Murphy, the Chief of Police, petitioners-respondents herein, had discriminated against the complainant because of her sex, and ordered that petitioners-respondents cease and desist from such discrimination and that they take certain affirmative action to effectuate the purposes of the Human Rights Law. Upon appeal, the State Human Rights Appeal Board found that the order was supported by substantial evidence and affirmed. Petitioners-respondents then initiated this proceeding in the Appellate Division to annul that order. The Appellate Division held that there was insufficient evidence to support the finding of sex discrimination and, therefore, granted the petition and annulled the order. I agree that the record does not support the finding made by the State Division of Human Rights, and, accordingly, would affirm.
The gravamen of the first allegation[1] contained in the com *432 plaint was that petitioners-respondents, and others,[2] had unlawfully discriminated against the complainant because of her sex in refusing to promote her to a vacant position of police sergeant in August, 1971. The record indicates that she had been continuously employed by the Police Department as a policewoman since 1957. Her two principal assignments were to the Youth Aid Bureau and to the position of driver for the Accident Investigation Unit. In May, 1967 she passed a Schenectady County Civil Service promotional examination for the position of patrol sergeant in the Schenectady Police Department. Based on the test results, a promotion list was established in August, 1967 and was due to expire on August 17, 1971.[3] She initially ranked eighth on the list; by July, 1971, due to other appointments from the list, she had moved up to third. Two males ranked ahead of her. The complainant, along with both males ahead of her, applied for the vacant position of police sergeant.
Pursuant to the collective bargaining agreement between the City of Schenectady and the Patrolmen’s Benevolent Association, a three-member review panel was named to interview the candidates and recommend one candidate for appointment by the city manager. The city manager was not required to follow this advisory recommendation. Although the record is silent as to which candidate was recommended by the panel, in early August the city manager appointed the male officer who ranked first on the eligibility list.[4]
Viewing the record most favorably to the complainant, I conclude that there is insufficient evidence to support the finding of sex discrimination. I do not believe that the manner in which the three-member review panel conducted its interview of complainant can be considered discriminatory. It is true that the panel questioned complainant as to how her husband and son felt about her work, and whether she had feelings of fear in the course of her work. However, this alone *433 does not justify the inference drawn by the Division that the panel was expressing an inclination to discriminate against her on the basis of sex in reviewing the applications, particularly in the absence of any evidence that the questions asked at the other interviews differed markedly from the questions she was asked. Likewise, I do not think that any inference of an inclination to discriminate can be drawn from the fact that the panel did not question her as to her experience and qualifications. The panel had access to the personnel files of each of the three applicants and presumably reviewed them. The complainant’s file undoubtedly detailed her qualifications and experience to an extent that there may have been no additional need at the oral interview to pursue these matters. Again, it is important to note that in this regard also the record is silent as to the nature of the questions asked the other applicants at their oral interviews.
As to the comment made during the interview by the Colonie Chief of Police, one of the panel members, that "it [is] too bad that they couldn’t create an opening for a Sergeant in the Youth Aid Bureau”, I believe the statement is equivocal. The Colonie Chief of Police was apparently familiar with the complainant’s work and performance, and clearly felt she deserved a promotion in the Youth Aid Bureau, but may nevertheless have felt that the other candidates were better qualified for the current vacancy of patrol sergeant in the department. Even if I were to agree with the conclusion reached by the Division that the words spoken by the Colonie Police Chief demonstrated discrimination, there is no evidence in the record that the other members of the review panel agreed with or associated themselves with these remarks. As the Appellate Division wrote (p 571), "there [is] simply no evidence adduced to demonstrate that the attitude of one of its members had influenced the decision of the committee in its supposed recommendation.” Nor is there any evidence in the record as to which person was recommended by the panel. Moreover, I would further note in this regard that the Division specifically exonerated the city manager from any discrimination. The finding that the city and the other petitioners-respondents discriminated against complainant is inconsistent with this finding with respect to the city manager, who is the only person empowered to make the appointment.
The majority also place undue emphasis on two additional matters in the record. Both involve the testimony of the *434 representative of the Division who investigated this complaint. At one point he testified that the Colonie Chief of Police had told him that he would not select the complainant for this position over a man. Earlier the same representative had testified that after interviewing the Schenectady City Manager and Chief of Police, and others, he concluded that "it was their consensus that because she was a female she couldn’t be used in barroom brawls, riots” and the like. The majority’s reliance on this testimony seems misplaced because the Division itself made no mention of such testimony in its detailed findings of fact and apparently discredited it. This is in sharp contrast to the Division’s view of the Colonie Chief of Police’s statement that "it [is] too bad that they couldn’t create an opening for Sergeant in the Youth Aid Bureau” in that the Division specifically found that such a statement had been made. We should not now ascribe greater weight to that testimony than the Division itself chose to.
Certainly, where discrimination is found, it should not be tolerated. The sole issue here concerns the sufficiency of the evidence, and I feel that, on this record, the Appellate Division correctly determined that there was not sufficient evidence to show discrimination. In my view, the majority, in probing into the record beyond the Division’s actual findings, unjustifiably find substantial evidence.
Chief Judge Breitel and Judges Jones, Wachtler and Fuchsberg concur with Judge Cooke; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Gabrielli concurs.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.

. As the majority correctly point out, the complaint alleged a second act of discrimination in September, 1971, in that complainant was not selected to fill one of two vacancies for "Patrolmen for general patrol duty”. However, the majority do not disclose that in August, 1972, before these hearings were conducted by the State Division of Human Rights, complainant accepted a promotion to driver of an accident investigation car, an assignment which she described as being preferable to being a patrolman for general patrol duty. She also admitted at the hearing that, because of this preferable assignment, she would not accept a patrolman assignment even if offered. Therefore, as the Appellate Division correctly noted, this second matter has been mooted and is not relevant to our present inquiry. The Division, by failing to even mention the second matter in its briefs, can be deemed to have acknowledged that this is now moot.

. Charges of unlawful discrimination filed against the City Manager of the City of Schenectady and the president of the Schenectady Patrolmen’s Benevolent Association were dismissed.

. On May 22, 1971, complainant took the quadrennial examination for police sergeant and failed it despite the fact that she achieved passing scores in 1963 and 1967. As a result, her name did not appear on the new promotional list established in August, 1971.

. Officer Nelson, who originally ranked second on the examination with a score of 88%, was the one promoted. The complainant, who originally ranked eighth, had a score of 79% on the 1967 test.